# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS    SBN 108325
BEN J. MEISELAS    SBN 277412
ALEX ALARCON       SBN 305537

Attorneys for Plaintiff DANIEL JUNG, individually and as the representative of a class of similarly-situated persons

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL JUNG, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>BILLY MCFARLAND, an individual; JEFFREY ATKINS p/k/a JA RULE, an individual; FYRE MEDIA, INC., a Delaware corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 2:17-cv-03245-ODW(JCx)<br><br>Assigned to the Hon. Judge Otis D. Wright II<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §1404**<br><br>Date:         January 22, 2018<br>Time:        1:30 p.m.<br>Courtroom: 5D |

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.   INTRODUCTION

On April 30, 2017, Plaintiff, Daniel Jung, filed this action against defendants Atkins, Fyre Media, Inc. ("Fyre Media") and William McFarland (hereinafter "McFarland") as a result of the Fyre Festival that did not take place. In addition to the instant action, similar putative class action lawsuits have been filed in other jurisdictions throughout the United States, including three (3) in the Southern District Court of New York.  The three (3) actions filed in the Southern District Court of New York were originally assigned to separate district judges, but are now before the Hon. P. Kevin Castel, U.S.D.J.  In a fourth similar putative class action lawsuit, a motion is pending in the United States District Court of New Jersey to transfer venue to the Southern District of New York.  Pursuant to 28 U.S.C. § 1404(a), Plaintiff and Defendant seek to transfer the instant action to the Southern District Court of New York, and presumably to Judge Castel, to further the convenience of the Courts, the parties and witnesses, and in the interests of justice.

## II.   STATEMENT OF FACTS

Defendant Atkins was served on September 12, 2017 and answered, on consent by stipulation of the parties, on September 11, 2017.  Defendant Fyre Media, was served on August 22, 2017.  Defendant McFarland, was served on September 9, 2017. Neither Fyre Media nor McFarland has appeared in this case and Plaintiff alleges that their time to appear under the Federal Rules of Civil Procedure has expired. Plaintiff intends to file for a default judgment against defendants Fyre Media and McFarland, in the transferee court if the motion is granted and in this court if the motion is not granted.  As the motion has not yet been made, Plaintiff will put these defendants who have not appeared on notice of this motion.

In addition to the instant action, which was the first filed action regarding the Fyre Festival, Atkins is a defendant in several other pending actions – including three that were filed in the Southern District of New York – arising out of the Fyre Festival that did not take place.  On May 22, 2017, Plaintiffs in *Herlihy, et al. v. Atkins, et al.*,

Case No. 17-cv-03296 (SDNY) filed a motion with the Judicial Panel on Multidistrict Litigation requesting that six similarly filed actions (including the *Jung* Action) be transferred to the Southern District of New York (MDL Case No. 2787).

On August 2, 2017, the Panel on Multidistrict Litigation denied the transfer request. However, in its Order, the Panel noted that "[i]n these circumstances, informal cooperation among the parties and the involved courts should be sufficient to minimize duplicative pretrial proceedings and the risk of inconsistent pretrial rulings." *In re Fyre Festival Litigation*, MDL No. 287, Docket #34.  Neither McFarland nor any attorney on his behalf appeared before the United States Judicial Panel on Multidistrict Litigation for the July 27, 2017 hearing on a then-pending motion to transfer and centralize all litigation related to the Fyre Festival, which is the subject of the instant action.

In light of the Panel's recommendation, on September 19, 2017, the *Daly, et al. v. Atkins, et al.*, Case No. 17-cv-03461 (SDNY), the action was reassigned within the Southern District of New York to Hon. P. Kevin Castel, U.S.D.J., by the stipulation of the parties. Thereafter, *Jutla v. Fyre Media, Inc. et al.* (17cv03541)(ER) (the "*Jutla*") was transferred by stipulation too.  In another similar action, *Petrozziello v. Atkins*, Case No. 17-cv-03018 ("*Petrozziello*"), there is a motion pending in the United States District Court of New Jersey to transfer venue to the Southern District of New York that is returnable on December 4, 2017.

Since that time, Plaintiffs' counsel for the *Herlihy*, *Daly*, *Jutla*, and *Petrozziello* and Defendant, Atkins, have conferred and are in agreement that sufficient circumstances warrant transferring the *Jung* action to the related *Herlihy*, *Daly, Jutla*, and *Petrozziello* actions. Specifically, the *Jung* action is similar for purposes provided in the civil cover sheet to the *Herlihy*, *Daly*, *Jutla*, and the *Petrozziello* actions.   In addition, Atkins, Fyre Media and McFarland are defendants in all of these actions, the proceedings in each of these actions are in the early stages, and a motion for entry of default against McFarland and Fyre Media is pending in the *Herlihy* action.

This action satisfies the requirements of 28 U.S.C. § 1404(a) as it might have been brought in New York, there are strong contacts with the parties and the causes of action in New York, transfer of the instant action to the Southern District of New York would serve the convenience of the parties and witnesses and eliminate duplicative discovery, there will be easier access to sources of proof and greater efficiencies, saving the parties time, effort and money.

### III.   LEGAL ARGUMENT

Neither Fyre Media nor McFarland has appeared in this case and Plaintiff alleges that their time to appear under the Federal Rules of Civil Procedure has expired. Plaintiff intends to file for a default judgment against defendants Fyre Media and McFarland, in the transferee court if the motion is granted and in this court if the motion is not granted.  As the motion has not yet been made, Plaintiff will put these defendants who have not appeared on notice of this motion.

In addition to the instant action, which was the first filed action regarding the Fyre Festival, Atkins is a defendant in several other pending actions – including three that were filed in the Southern District of New York – arising out of the Fyre Festival that did not take place.  On May 22, 2017, Plaintiffs in *Herlihy, et al. v. Atkins, et al.*, Case No. 17-cv-03296 (SDNY) filed a motion with the Judicial Panel on Multidistrict Litigation requesting that six similarly filed actions (including the *Jung* Action) be transferred to the Southern District of New York (MDL Case No. 2787).

On August 2, 2017, the Panel on Multidistrict Litigation denied the transfer request. However, in its Order, the Panel noted that "[i]n these circumstances, informal cooperation among the parties and the involved courts should be sufficient to minimize duplicative pretrial proceedings and the risk of inconsistent pretrial rulings." *In re Fyre Festival Litigation*, MDL No. 287, Docket #34.  Neither McFarland nor any attorney on his behalf appeared before the United States Judicial Panel on Multidistrict Litigation for the July 27, 2017 hearing on a then-pending motion to

transfer and centralize all litigation related to the Fyre Festival, which is the subject of the instant action.

In light of the Panel's recommendation, on September 19, 2017, the *Daly, et al. v. Atkins, et al.*, Case No. 17-cv-03461 (SDNY), the action was reassigned within the Southern District of New York to Hon. P. Kevin Castel, U.S.D.J., by the stipulation of the parties. Thereafter, *Jutla v. Fyre Media, Inc. et al.* (17cv03541)(ER) (the "*Jutla*") was transferred by stipulation too. In another similar action, *Petrozziello v. Atkins*, Case No. 17-cv-03018 ("*Petrozziello*"), there is a motion pending in the United States District Court of New Jersey to transfer venue to the Southern District of New York that is returnable on December 4, 2017.

Since that time, Plaintiffs' counsel for the *Herlihy*, *Daly*, *Jutla*, and *Petrozziello* and Defendant, Atkins, have conferred and are in agreement that sufficient circumstances warrant transferring the *Jung* action to the related *Herlihy*, *Daly, Jutla*, and *Petrozziello* actions. Specifically, the *Jung* action is similar for purposes provided in the civil cover sheet to the *Herlihy*, *Daly*, *Jutla*, and the *Petrozziello* actions. In addition, Atkins, Fyre Media and McFarland are defendants in all of these actions, the proceedings in each of these actions are in the early stages, and a motion for entry of default against McFarland and Fyre Media is pending in the *Herlihy* action.

This action satisfies the requirements of 28 U.S.C. § 1404(a) as it might have been brought in New York, there are strong contacts with the parties and the causes of action in New York, transfer of the instant action to the Southern District of New York would serve the convenience of the parties and witnesses and eliminate duplicative discovery, there will be easier access to sources of proof and greater efficiencies, saving the parties time, effort and money.

**A. The Factors Enumerated In 28 U.S.C. §1404(A) Weigh In Favor Of Transferring The Instant Action To The Southern District Of New York.**

The first prong of the §1404(a) is satisfied because the instant action could have been filed in the Southern District of New York. First, the Plaintiff argues that the

Southern District of New York has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. §1332(d)(2) and 18 U.S.C. §1964(c). The Plaintiff further argues that the matter in controversy, exclusive of interest and costs, exceeds the sum or value or $5,000,000 and is a class action in which there are in excess of 100 class members and some members of the class are citizens of a state different from the defendants. Defendant, Atkins, denies all substantive allegations alleged in the Complaint and contends that the Plaintiff failed to demonstrate a *prima facie* case for a class. But, Atkins agrees that Plaintiff's claims and his defenses should be litigated before the same Court.

Second, the Southern District of New York has personal jurisdiction over the defendants because each of the defendants did business in New York. Specifically, the Plaintiff argues that defendants advertised, marketed, promoted and sold tickets to Fyre Festival in New York. In addition, Plaintiff further argues that defendants have sufficient minimum contacts with New York and/ or sufficiently availed themselves of the markets in the State of New York through the promotion, sales, distribution and marketing within New York to render the exercise of personal jurisdiction by the Southern District of New York permissible and consistent with due process. Defendant, Atkins, denies all substantive allegations alleged in the Complaint, but pled that venue was improperly vested in the Central District of California and should be transferred to the Southern District of New York and agrees that the Southern District of New York has personal jurisdiction over him and that he will not object thereto.

Lastly, Plaintiff argues that venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(a) and (b) and 18 U.S.C. §1965, because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York and because defendants conducted business there.

Indeed, Fyre Media's offices are located with the Southern District of New York and it is alleged that some of the planning for Fyre Festival took place within the District.

Furthermore, there is also pending in New York a bankruptcy proceeding against Fyre Festival LLC, an entity related to defendants Fyre Media, Inc. and Mr. McFarland, believed by Plaintiff to have been involved with the Fyre Festival.  In August 2017, a U.S, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York (Hon. Martin Glenn, 17-bc-11883) approved an involuntary petition against Fyre Festival LLC to force the company into Chapter 7 bankruptcy.

Atkins denies all substantive allegations alleged in the Complaint, but pled that venue was improperly vested in the Central District of California and should be transferred to the Southern District of New York, and agrees to personal jurisdiction in New York and will not object thereto. Further, Atkins agrees that Plaintiff's claims and his defenses, which are the same or substantially the same in the three (3) actions already pending in the Southern District of New York and the New Jersey action in which a motion to transfer to the Southern District of New York is *sub judice*, should be litigated before the same Court.

The second prong of the §1404(a) is also satisfied because transferring the instant action to the Southern District of New York would serve the convenience of parties and witnesses and the interest of justice. Under this analysis, the court must weigh multiple factors including (1) the convenience of the parties; (2) the convenience of witnesses and; (3) the interests of justice. *See e.g*., *Sawyer*, 2011 U.S. Dist. LEXIS 154784 at 7-8 (C.D. Cal. Oct. 21, 2011); *Kia Motors Am*., *Inc. v. MPA Autoworks*, 2005 U.S. Dist. LEXIS 49299*10 (C.D. Cal. Dec. 22, 2005). In the instant matter, the aforementioned factors weigh in favor of the Southern District of New York.

The Southern District of New York is a convenient forum for the parties in this case. Atkins has already appeared and answered in the *Herlihy*, *Daly*, and *Jutla* actions and Counsel for Atkins' office is located within the District. In addition, Atkins, Fyre Media and McFarland are defendants in all of these actions, including the instant action, the proceedings in each of these actions are in the nascent stage, and a motion for entry of default against McFarland Fyre Media, Inc. is pending in the *Herlihy* action. Transferring the instant matter to the Southern District of New York would create the potential for coordination and efficiency and eliminate the potential for different pretrial schedules and prevent inconsistent or repetitive pretrial rulings between the two districts. Similarly, Plaintiff in the instant matter would not be inconvenienced by litigating in the Southern District of New York because he would be able to coordinate discovery with the *Herlihy*, *Daly,* and *Jutla* matters and the *Petrozziello action*, if the motion to transfer is granted. This would eliminate potential duplicative discovery and repetitive depositions of the same individuals, corporate representatives, fact witnesses and expert witnesses. Additionally, transfer of the instant action would eliminate the potential for duplicative document productions and responses to interrogatories.

The Southern District of New York is a convenient forum to access witnesses and discoverable documents in this case. Defendants McFarland and Atkins reside in the New York metropolitan area, and Defendant McFarland (as addressed above) is the subject of criminal proceedings in the Southern District of New York. In addition, Fyre Media is based in New York and it is believed that much of the marketing and other activities related to the Fyre Festival occurred in New York. As a result, much, if not all, of the discoverable documents needed to prosecute this action are likely to be located within the Southern District of New York and there will an opportunity for ease of access to sources of proof. In sum, the requirements for transfer to the Southern District of New York are satisfied as this action might have been brought in New York, there are strong contacts with the parties and the causes of action in New

York and transfer of the instant action to the Southern District of New York would serve the convenience of the parties and witnesses and eliminate duplicative discovery. Ultimately, all of this will likely provide easier access to sources of proof and save the parties and this Court significant time, effort and money.

## IV. CONCLUSION

Based on the foregoing, Plaintiff Jung and Defendant Atkins respectfully submit: (i) that this Court should order the transfer of the instant action to the Southern District Court of New York pursuant to 28 U.S.C. § 1404(a) to further the convenience of the parties, witnesses and in the interests of justice; and (ii) that this Court should order any and all further relief that this Court deems just and proper.

DATED: December 12, 2017          **GERAGOS & GERAGOS, APC**

By: /s/ Mark J. Geragos
MARK J. GERAGOS
BEN J. MEISELAS
ALEX ALARCON
Attorneys for Plaintiff DANIEL JUNG, individually and as the representative of a class of similarly-situated persons

DATED: December 12, 2017          **SCLAR LAW GROUP LLP**

By: /s/ Rhett P. Warriner
RHETT P. WARRINER
Attorneys for Defendant
Jeffrey Atkins p/k/a Ja Rule